```
                                          ┌─────────────────────────────┐
                                          │ USDC SDNY                   │
                                          │ DOCUMENT                    │
                                          │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT              │ DOC #: _____    │
SOUTHERN DISTRICT OF NEW YORK             │ DATE FILED: 12-7-11         │
------------------------------X           └─────────────────────────────┘
UNITED STATES OF AMERICA      :
                              :
    -against-                 :           No. S1 05 Cr. 1328 (JFK)
                              :           **Memorandum Opinion and Order**
BERNARD SIMMONS,              :
                              :
              Defendant.      :
------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Bernard Simmons' ("Simmons" or "Defendant") pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the motion is denied.

## I. Background

On November 28, 2006, Simmons pleaded guilty to a charge of conspiracy to possess with intent to distribute more than 50 grams of mixtures and substances containing cocaine base, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). Simmons entered into a plea agreement with the Government in which he stipulated to a base offense level of 32 pursuant to § 2D1.1(c)(4) of the 2006 United States Sentencing Guidelines ("U.S.S.G."),[1] with a two level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and a Criminal History Category of I. Simmons further stipulated that he was

---

[1] The 2006 version of the United States Sentencing Guidelines provided for a base offense level of 32 for any narcotics offense involving at least 50 grams but less than 150 grams of cocaine base.

1

not eligible for the so-called safety valve under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

At sentencing on March 15, 2007, in accordance with the terms of the plea agreement, the Court found Simmons' total offense level to be 30, and his Criminal History Category to be I.  The applicable Guidelines range was 97 to 121 months' imprisonment.  However, in March 2007, narcotics offenses involving 50 grams or more of mixtures and substances containing cocaine base carried a mandatory minimum sentence of 120 months' imprisonment.  See 21 U.S.C. § 841(b)(1)(A)(iii) (2006).  Consequently, Simmons' effective Guidelines range was 120 to 121 months' imprisonment, and Simmons was sentenced to the mandatory minimum 120 months.

Simmons now moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 706.  Amendment 706, which took effect on November 1, 2007, altered the drug quantity table in U.S.S.G. § 2D1.1(c) such that the base offense level for offenses involving 50 to 150 grams of crack cocaine was reduced to level 30.  However, as this is a pro se application filed after November 1, 2011, the Court construes the motion as seeking relief pursuant to U.S.S.G. Amendment 750, which further adjusted the base offense level for crack cocaine offenses.

## II. Discussion

The Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) ("FSA"), increased from 50 grams to 280 grams the threshold amount of cocaine base required to trigger the 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). Pursuant to Section 8 of the FSA, the United States Sentencing Commission implemented an emergency amendment to the Sentencing Guidelines reducing the base offense level for certain crack cocaine offenses in conformance with the newly reduced statutory penalties; this emergency amendment was re-promulgated as the permanent Amendment 750, which took effect on November 1, 2011. Amendment 750 applies retroactively to reduce the offense level for narcotics offenses involving 50 grams of cocaine base to level 26. See U.S.S.G. § 1B1.10(c) (2011) (listing Amendment 750 among those Guidelines amendments which may be applied to previously sentenced defendants); U.S.S.G. § 2D1.1(c)(7) (2011) (drug quantity table for offenses involving at least 28 grams but less than 112 grams of cocaine base).

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a

3

reduction is consistent with applicable policy statements issued by the Sentencing Commission." Application of Amendment 750 would lower Defendant's base offense level to 26, resulting in a total offense level of 24 and a Criminal History Category I, which corresponds to a Guidelines range of 51 to 63 months' imprisonment. Although Defendant's base offense level has changed, the 10-year mandatory minimum sentence dictated by 21 U.S.C. § 841(b)(1)(A) (2006) has not, as the FSA does not apply retroactively to defendants who were convicted and sentenced prior to its enactment. See United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010) (per curiam); see also United States v. Acoff, 634 F.3d 200, 202 (2d Cir. 2011) (per curiam). Under U.S.S.G. § 5G1.1(b), if the statutory mandatory minimum sentence is greater than the high end of the Guidelines range, the mandatory minimum becomes the Guidelines sentence. Whereas Defendant's original Guidelines range was 120 to 121 months, retroactive application of Amendment 750 would result in a Guidelines sentence of 120 months' imprisonment – the exact sentence he received in 2007. Ultimately, as a result of the 10-year mandatory minimum, retroactive application of Amendment 750 has essentially no effect on Defendant's Guidelines range, making him ineligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). See U.S.S.G. § 1B1.10, cmt. (n.1(A)) ("[A] reduction in the defendant's term of imprisonment is not

4

authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."); see also United States v. Midyett, No. 10-2478-cr, 2011 WL 5903672, at *2 n.2 (2d Cir. Nov. 28, 2011) (summary order) ("The retroactive application of [Amendment 750], however, does not give retroactive effect to the FSA itself. Therefore, the amended guidelines cannot benefit a defendant . . . who received the mandatory minimum term of imprisonment applicable at the time he was sentenced." (internal citation and alteration omitted)); United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) ("[A] defendant is not eligible for resentencing under § 3582(c)(2) where 'the range upon which [the defendant's] sentence was based is unaffected by the change in her base offense level.'" (quoting United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008))).

### III. Conclusion

Defendant is ineligible for resentencing under 18 U.S.C. § 3582(c)(2). Therefore, the motion for a reduction of sentence is denied.

**SO ORDERED.**

Dated: New York, New York
December 7, 2011

*/s/ John F. Keenan*
John F. Keenan
United States District Judge